IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                    :

ANDRE' LE'BARON HARRIS

                                    :

        v.                          :   Civil Action No. DKC 11-0916

                                    :

UNITED STATES OF AMERICA

                                    :

### MEMORANDUM OPINION

Presently pending and ready for review in this Federal Tort Claims Act ("FTCA") case is the motion to dismiss or, in the alternative, for summary judgment filed by Defendant Patrick R. Donahoe, the Postmaster General of the United States.[1]  (ECF No. 9).   The issues have been fully briefed, and the court now rules, no hearing deemed necessary.   Local Rule 105.6.   For the following reasons, the motion will be granted.

## I.    Background

Plaintiff Andre' Le'Baron Harris is a former letter carrier for the United States Postal Service ("USPS"), who was based out of the Lanham-Seabrook Post Office in Lanham, Maryland.   On April 8, 2011, Mr. Harris, proceeding *pro se*, commenced this action by filing a complaint alleging the following:

---

[1] The United States has moved to substitute itself as the party defendant in lieu of Mr. Donahoe.  (ECF No. 9 at 1 n.1). The United States is the only proper defendant in actions brought under the FTCA, *see* 28 U.S.C. §§ 1346(b), 2679(a), and the motion to substitute will be granted.

> The Postal Inspection Service acted on false information provided to them in sworn statements by postal individuals that plotted on having [Mr. Harris] removed from the Postal Service. Information was issued to them (Inspection Service), by [Mr. Harris], to refute and discredit the individuals that brought the charges against [Mr. Harris], but was simply ignored by all involved, as they attempted to have [Mr. Harris] removed from the postal rolls. This abuse of process has led [Mr. Harris] to proceed with action with this District Court.

(ECF No. 1, at 2).   In light of these spare allegations, the court directed Mr. Harris to supplement the complaint with documents demonstrating that he had exhausted his administrative remedies as to any colorable federal claims, especially a potential employment discrimination claim.   (ECF No. 3).   Mr. Harris responded by filing two documents:   (1) a Right-to-Sue letter dated July 2, 2010, from the Equal Employment Opportunity Commission ("EEOC") regarding claims of reprisal and disability discrimination, and (2) a letter dated October 8, 2010, from the USPS denying a claim filed under the FTCA regarding the investigation alluded to in the complaint.   (ECF No. 4).

On September 14, 2011, Defendant filed the pending motion to dismiss or, in the alternative, for summary judgment.   (ECF

No. 9).[2]  According to Defendant's motion papers, on June 19,
2009, an altercation took place between Mr. Harris and another
USPS employee in which Mr. Harris "threatened [his] co-employee
. . . with physical violence."  (ECF No. 9-1, at 2).  Mr. Harris
was immediately placed on off-duty status without pay.  (*Id.*).
Because Mr. Harris's alleged conduct violated the USPS's "Zero
Tolerance Policy on Workplace Violence," the matter was referred
to the United States Postal Inspection Service ("USPIS") for
investigation.  (*Id.*).  As part of its investigation, the USPIS
interviewed several witnesses and obtained statements from them.
(*Id.*).  The USPIS summarized its findings in a letter dated July
13, 2009.  (ECF No. 9-3).

     Mr. Harris opposed Defendant's motion on September 26,
2011.  (ECF No. 14).  On September 28, 2011, Defendant filed a
reply.  (ECF No. 15).[3]

## II.  Standard of Review

     Among other grounds, Defendant moves to dismiss Mr.
Harris's complaint for lack of subject-matter jurisdiction.  The
party bringing suit in federal court bears the burden of proving
that subject-matter jurisdiction properly exists.  *See Evans v.*

---

     [2] In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th
Cir. 1975), the court mailed a letter to Mr. Harris notifying
him that Defendant filed a dispositive motion.  (ECF No. 10).

     [3] On October 5, 2011, Mr. Harris filed a "supplement" to his
opposition (ECF No. 16), which he did not request leave to file.

*B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).   In a Federal Rule of Civil Procedure 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it.   *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.   The court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."   *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.

## III. Analysis

Because the factual allegations in the complaint are sparse, it is somewhat unclear what claim or claims are being asserted.   Defendant characterizes the complaint as advancing a tort claim for abuse of process with respect to the USPIS investigation.   (*See* ECF No. 9-1, at 1).   Mr. Harris does not dispute this characterization.   (*See generally* ECF No. 14).   Thus, even though the court initially read the complaint as potentially advancing an employment discrimination claim (ECF No. 3), Mr. Harris does not seek to pursue this avenue of

relief.[4]   Instead, the complaint will be construed as raising an abuse-of-process cause of action pursuant to the FTCA.

The FTCA provides a limited waiver of the sovereign immunity of the United States with respect to certain types of tort actions.  *See* 28 U.S.C. §§ 1346(b), 2674.  Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment."  *Id.* § 1346(b).  As a waiver of sovereign immunity, the FTCA is to be narrowly construed and is not to be extended by implication.  *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992); *see also Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990) ("This waiver permits suit only on terms and conditions strictly prescribed by Congress.").  The potential liability of the United States under

---

[4] In any event, an employment discrimination cause of action stemming from the acts described in the July 2, 2010, Right-to-Sue letter would be time-barred.  The Right-to-Sue letter references Title VII of the Civil Rights Act of 1964 ("Title VII") and the Rehabilitation Act of 1973 ("Rehabilitation Act") as bases for such a claim.  Under either statute, suit had to be filed within ninety days of the issuance of the Right-to-Sue letter.  *See* 42 U.S.C. § 2000e-16(c) (requiring a claimant to file a Title VII suit in federal court within ninety days after receipt of a right-to-sue letter from the EEOC); 29 U.S.C. § 794a(a)(1) (incorporating Title VII's procedural scheme as to the Rehabilitation Act, including the time to file a civil action).  This suit was filed on April 8, 2011, well beyond the deadline for filing suit.

the FTCA is "qualified by a number of exceptions." *Holbrook v.*
*United States*, --- F.3d ---, 2012 WL 764471, at *3 (4th Cir. Mar.
12, 2012).

Defendant argues that the discretionary function exception
to the FTCA's waiver of sovereign immunity set forth in 28
U.S.C. § 2680(a) presents a jurisdictional bar to Mr. Harris's
claim. (*See* ECF No. 9-1, at 6).[5] "The discretionary function
exception 'marks the boundary between Congress' willingness to
impose tort liability upon the United States and its desire to
protect certain governmental activities from exposure to suit by
private individuals.'" *Holbrook*, 2012 WL 764471, at *3 (quoting
*United States v. S.A. Empresa de Viacao Aerea Rio Grandense*
*(Varig Airlines)*, 467 U.S. 797, 808 (1984)).[6] Under the
exception, the United States may not be held liable for "[a]ny

---

[5] Because Mr. Harris's claim is founded upon an abuse-of-
process tort claim, the so-called "law-enforcement proviso" to
the intentional tort exception set forth in § 2680(h) of the
FTCA is also implicated. That proviso permits claims against
the United States for intentional torts performed by
"investigative or law enforcement officers," including Postal
Inspectors. *Harms v. United States*, 972 F.2d 339, 1992 WL
203942, at *6 (4th Cir. 1992) (unpublished table opinion). The
United States Court of Appeals for the Fourth Circuit has held,
however, that § 2680(h) does not override § 2680(a) and that "[a
plaintiff's] FTCA claims of intentional torts under § 2680(h)
must clear the § 2680(a) discretionary function hurdle." *Medina
v. United States*, 259 F.3d 220, 225-26 (4th Cir. 2001).

[6] The Fourth Circuit has called this exception the "most
important" exception to the FTCA. *McMellon v. United States*,
387 F.3d 329, 335 (4th Cir. 2004) (en banc).

claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).  Mr. Harris bears the burden of showing that the discretionary function exception does not apply.  *See Indem. Ins. Co. v. United States*, 569 F.3d 175, 180 (4th Cir. 2009).  "If the discretionary function exception does apply, the district court must dismiss the affected claims for lack of subject matter jurisdiction." *Id.*

Two issues dictate whether an act is discretionary.  First, conduct by a federal employee falls within the discretionary function exception when it "'involves an element of judgment or choice.'"  *Holbrook*, 2012 WL 764471, at *3 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).  "'[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow' because 'the employee has no rightful option but to adhere to the directive.'"  *Indem. Ins. Co.*, 569 F.3d at 180 (quoting *Berkovitz*, 486 U.S. at 536).  Second, "even if 'the challenged conduct involves an element of judgment, a court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield,' that is, decisions 'grounded in social, economic, and political

policy.'" *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 208 (4th Cir. 2002) (quoting *Berkovitz*, 486 U.S. at 537). In considering this step, the court does not focus on "the agent's subjective intent in exercising the discretion . . . , but on the nature of the actions taken and on whether they are susceptible to policy analysis." *United States v. Gaubert*, 499 U.S. 315, 325 (1991). In other words, determining whether the discretionary function exception applies is not a fact-intensive exercise, as the court will only "look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." *Baum v. United States*, 986 F.2d 716, 721 (4th Cir. 1993). "Where . . . a regulation authorizes or requires employee discretion, 'it must be presumed that the agent's acts are grounded in policy when exercising that discretion.'" *Holbrook*, 2012 WL 764471, at *3 (quoting *Gaubert*, 499 U.S. at 324).

Contrary to Mr. Harris's assertion (ECF No. 14, at 1), there is no "due care" requirement when a federal agency like the USPIS exercises its discretion. The reference to "due care" in § 2680(a) is an exception to the FTCA separate and distinct from the discretionary function exception:

> [P]ursuant to its provisions, § 2680(a) establishes two possible exceptions to the FTCA's general waiver of sovereign immunity:

> (1) if the [federal] officials exercised due
> care in the execution of their powers . . .
> ; or (2) if the [federal] officials were
> performing a discretionary function or duty
> . . . .

*Medina*, 259 F.3d at 224 (emphasis added); *see also Buchanan v. United States*, 915 F.2d 969 (5th Cir. 1990) ("The second clause [of § 2680(a)], exempting actions based on a discretionary function, contains no due care requirement.").[7]  Thus, whether the Postal Inspector exercised due care in his investigation of Mr. Harris's behavior has no bearing on whether the discretionary function exception applies and bars Mr. Harris's claim.

As Defendant notes, the USPS's powers are broadly defined by statute.  (ECF No. 9-1, at 8).  Of relevance here, the USPS has been granted the authority "to have all other powers incidental, necessary, or appropriate to the carrying on of its functions or the exercise of its specific powers."  39 U.S.C. § 401(10).  Among these "specific powers" is the authority "to investigate postal offenses and civil matters relating to the Postal Service."  *Id.* § 404(a)(6).  Furthermore, by regulation, Postal Inspectors are granted a wide variety of law enforcement powers, such as making warrantless arrests and carrying

---

[7]  Mr. Harris's cited case is in accordance with this construction of § 2680(a).  *See Grigalauskas v. United States*, 103 F.Supp. 543, 547 (D.Mass. 1951).

firearms, to facilitate their duties. 39 C.F.R. § 233.1(a).
Certain of those duties are, again, broadly defined, including
the duty to "investigate all allegations of violations of postal
laws or misconduct by postal employees." *Id.* § 233.1(b)(1)(i).

Although no court within the Fourth Circuit has yet
analyzed this statutory and regulatory language to determine
whether the manner in which a Postal Inspector conducts an
investigation falls within the discretionary function exception,
at least one court outside the Fourth Circuit has noted that
"Postal Inspectors are granted broad discretion in the manner in
which they investigate claims and implement public policy."
*Ward v. United States*, 738 F.Supp. 129, 133 (D.Del. 1990); *see
also Crow v. United States*, 634 F.Supp. 1085, 1090 (D.Kan. 1986)
("To the extent . . . that plaintiff challenges the planning,
preparation and completion of the investigation [of the Postal
Inspector], plaintiff's claims are barred [by the FTCA].").[8]
This observation is bolstered by courts that have found more
generally that a "federal investigator's choice concerning the
manner an investigation will proceed constitutes an exercise of
discretion protected by the FTCA," *Ward*, 738 F.Supp. at 134,

---

[8] Other courts have noted that a Postal Inspector's decision
whether to commence an investigation is discretionary. *See,
e.g.*, *Kajtazi v. Potter*, No. 07 Civ. 443(RMB), 2008 WL 490605,
at *2 (S.D.N.Y. Feb. 20, 2008); *Sewald v. Pyatt & Silvestri,
Chtd*, 161 F.Supp.2d 1074, 1077 (N.D.Cal. 2001).

assuming "the law enforcement official is acting within a range of available choices," *Santoni v. Potter*, 222 F.Supp.2d 14, 26 (D.Me. 2002); *see also Horta v. Sullivan*, 4 F.3d 2, 21 (1st Cir. 1993) ("[A]lthough [federal] law enforcement agents have a mandatory duty to enforce the law, decisions as to how best to fulfill that duty are protected by the discretionary function exception to the FTCA."); *Pooler v. United States*, 787 F.2d 868, 871 (3d Cir. 1986) ("[D]ecision making as to investigation and enforcement, particularly when there are different types of enforcement action available, are discretionary judgments." (internal quotations omitted)).

Here, Congress bestowed on the USPS broad discretion in investigating relevant civil matters, which would include allegations of threats of violence by and against its employees. Mr. Harris does not identify — and the court is not aware of — any further set of statutory provisions or regulations mandating that Postal Inspectors conduct their investigations in a specified manner.  In keeping with other courts that have held the same, it is sound policy to continue to protect Postal Inspectors from suits that challenge nothing more than the manner in which they pursue investigations.  In sum, Mr. Harris has failed to surmount the hurdle that is the discretionary function exception.

## IV.  Conclusion

For  the  foregoing  reasons,  the  motion  to  dismiss  filed  by
Defendant  will  be  granted.   A  separate  order  will  follow.


                                    /s/
                         _____
                         DEBORAH K. CHASANOW
                         United States District Judge